UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SPRING AIR INTERNATIONAL, LLC,

      Plaintiff,

v.                         Case No. 8:10-cv-1200-T-33TGW

R.T.G. FURNITURE CORPORATION,

      Defendant.

_____/

**ORDER**

This matter is before the Court pursuant to Defendant R.T.G. Furniture Corporation's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted (Doc. # 11), filed on July 2, 2010. On July 16, 2010, Plaintiff Spring Air International, LLC, filed its response in opposition to the motion to dismiss. (Doc. # 12). Upon due consideration, the Court grants the motion to dismiss as to counts II, IV, and V of Spring Air's complaint with leave for Spring Air to amend. The motion is otherwise denied.

**I.   The Complaint**

Spring Air, a Delaware Limited Liability Company, asserts that it acquired the rights to any accounts receivable owed by R.T.G. Furniture, a Florida corporation, to Consolidated

1

Bedding, a Delaware corporation, and its subsidiaries. (Doc. # 1 at ¶ 8)

Specifically, between February 2009, and May 2009, Consolidated Bedding provided goods to R.T.G. Furniture. (Id. at ¶ 12). R.T.G. Furniture's agreement to pay Consolidated Bedding for the goods is evidenced by invoices dated January 3, 2009, through May 8, 2009. (Composite Exhibit A). On May 26, 2009, Consolidated Bedding assigned R.T.G. Furniture's accounts receivable to Spring Air during Consolidated Bedding's foreclosure proceeding. (Doc. # 13 at ¶ 2).[1] According to Spring Air, R.T.G. Furniture failed to pay invoices in the total amount of $881,417.50. (Id. at ¶ 4). The amount due  remains outstanding as of January 31, 2010, despite Spring Air's demands for payment. (Composite Exhibit B).

Thus, on May 25, 2010, Spring Air filed a complaint against R.T.G. Furniture. (Doc. # 1). The complaint contains

---

[1] Spring Air filed the affidavit of its CFO, Edward Bates, in response to R.T.G. Furniture's motion to dismiss. Therein, Bates noted that on May 26, 2009, Spring Air purchased certain assets from Consolidated Bedding including accounts receivable, patents and trademarks, patent licenses, equipment, and customer lists. According to Bates, Spring Air provided valuable consideration in exchange for those assets at foreclosure. Further, Bates explains that Spring Air purchased Consolidated Bedding's assets in order to rebuild Spring Air's brand of bedding products. (Id. at ¶ 5).

six counts as follows: I) breach of contract; II) open account; III) goods sold; IV) unjust enrichment; V) quantum meruit; and VI) account stated. (Doc. # 1).

R.T.G. Furniture filed the instant motion to dismiss and contends that this Court lacks subject matter jurisdiction because Spring Air improperly manufactured Federal jurisdiction. In addition, R.T.G. Furniture seeks to dismiss the complaint arguing that the assignment was invalid under Florida Law. R.T.G. Furniture also seeks dismissal of counts I, II, IV, V and VI for failure to state a claim upon which relief can be granted.

## II. <u>Legal Standard</u>

### A. <u>Motion to Dismiss under Rule 12(b)(1)</u>

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is a motion challenging the subject matter jurisdiction of the court. Federal courts are ones of limited jurisdiction; in order to establish a claim in federal court, the plaintiff must display complete diversity or raise a question of federal law. Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. <u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 925 n.5 (11th Cir. 2003). In a facial challenge, the Court assumes that the allegations in the

complaint are true and determines whether the complaint sufficiently alleges a basis for subject matter jurisdiction. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

A factual attack, on the other hand, challenges the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. In the instant case, the jurisdictional attack is factual, therefore, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 n.9 (11th Cir. 1982).

## B. Motion to Dismiss under Rule 12(b)(6)

On a motion to dismiss under Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.") However, the Supreme Court

4

explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted).  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**III.  Analysis**

In this diversity case, the Court applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result.  Tech. Coating Apps., Inc. v. United States Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998).  Furthermore, this Court must apply Florida law in the same manner that the Florida Supreme Court would apply it. Brown v. Nichols, 8 F.3d 770, 773 (11th Cir. 1993).

**A.  Subject Matter Jurisdiction Under 28 U.S.C. § 1359**

On its face, this action appears to have complete diversity among the parties; however, R.T.G. Furniture contends that Spring Air improperly manufactured diversity jurisdiction in violation of 28 U.S.C. § 1359.  Section 1359

states that "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359.

In Kramer v. Caribbean Mills, the Supreme Court held that "when the assignor retains an interest in the assigned claims, the assignee has no previous connection in the matter, and the assignment is made for the sole purpose of accessing the federal courts, the assignment is collusive in violation of 28 U.S.C. § 1359." Ambrosia Coal & Const. Co. v. Morales, 482 F.3d 1309, 1315 (11th Cir. 2007) (citing Kramer v. Caribbean Mills, 394 U.S. 823, 827-828 (1969)).

R.T.G. Furniture claims that a close reading of the complaint suggests that the rights assigned to Spring Air did not amount to the complete assignment of all claims, suggesting that Consolidated Bedding may have retained an interest in the accounts receivable. However, in the affidavit of Edward Bates,[2] Spring Air contends that the

_____

[2] The Court has considered Edward Bates' affidavit only in its consideration of the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. The affidavit is extrinsic evidence that the Court may consider under a 12(b)(1) motion. The Court will not consider the affidavit under the 12(b)(6) motion to dismiss for failure to state a claim. When a document outside the pleadings is considered, Federal Rule of Civil Procedure 12(d) requires that "the

purchase of Consolidated Bedding's assets was an "arm's length transaction," which "effected a complete, absolute, bona fide assignment of certain assets of [Consolidated Bedding] to Spring Air. . . including, but not limited to, its accounts receivable, patens and trademarks, patent licenses, equipment, and customer lists." (Doc. # 13 at ¶ 4).

Moreover, Spring Air contends that Consolidated Bedding "having sold the [a]ssets to Spring Air, has no interest in the outcome of R.T.G. Furniture's payment of the outstanding accounts receivable in this action or otherwise.  In fact, [Consolidated Bedding] filed for bankruptcy in Delaware shortly after the foreclosure." (Doc. # 13 at ¶ 7).

In <u>Kramer</u>, the Supreme Court found that a Texas resident's payment of only one dollar for an assignment interest and subsequent reassignment of 95% of the interest back to the corporation was an improper and collusive manufacture of jurisdiction.  <u>Kramer</u>, 394 U.S. at 823.  Here, there is no evidence to suggest that Consolidated Bedding retained an interest in the accounts receivable or that Spring

motion be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent by such a motion . . ."  Fed. R. Civ. P. 12(c). However, this does not apply to a rule 12(b)(1) motion to dismiss asserting a factual attack on jurisdiction.

Air was to reassign its interest in the accounts receivable once it collected the money.

Finally, there is no evidence to suggest that Spring Air's sole purpose in purchasing the accounts receivable was to invoke Federal jurisdiction. Spring Air claims that its "business purposes in purchasing the [a]ssets far exceeds the litigation and collection of the R.T.G. Furniture accounts receivable at issue in this case," and R.T.G. Furniture has not alleged facts to the contrary. (Doc. # 13 at ¶ 8). In Bates's affidavit, Spring Air asserts that it paid valuable consideration for Consolidated Bedding's assets; R.T.G. Furniture has not presented any facts to contradict Spring Air's assertion. Accordingly, the Court finds in favor of Spring Air as to R.T.G. Furniture's assertion that Spring Air improperly manufactured subject matter jurisdiction in violation of § 1359.

### B.  <u>Aggregation of Federal Claims</u>

In addition, R.T.G. Furniture argues that this Court lacks subject matter jurisdiction because Spring Air improperly aggregated claims in an effort to manufacture Federal jurisdiction. This argument fails because Spring Air may properly aggregate Consolidated Bedding's accounts receivable under Fed. R. Civ. P. 18, which states that "[a]

8

party asserting a claim . . . may join . . . as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).  It is well settled that when such claims are properly joined, "[a] single plaintiff is permitted to aggregate all of his or her claims against a single defendant, regardless of relation to one another, when calculating the jurisdictional minimum." Nationwide Mut. Co. v. Ft. Myers Total Rehab. Ctr, Inc., 657 F. Supp. 2d 1279, 1286 (M.D. Fla. 2009)(citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 585 (2005)).

Thus, the Court rejects R.T.G. Furniture's argument that Spring Air improperly aggregated its claims in an effort to manufacture subject matter jurisdiction.

## C. Validity of Assignment Under Florida Law

In addition, R.T.G. Furniture argues that Consolidated Bedding invalidly assigned its accounts receivable to Spring Air and, therefore, Spring Air is not a proper party in interest.  Under Florida law, contract rights can generally be assigned "unless they involve obligations of a personal nature or there is some public policy against the assignment or such assignment is specifically prohibited by the contract." Brunswick Corp. v. Creel, 471 So.2d 617, 618 (Fla. 5th DCA 1985). In addition, it is well settled that an assignment under Florida law "transfers all the rights of the assignor in

the thing assigned." <u>Peyton v. Horner</u>, 920 So.2d 180, 183 (Fla. 2nd DCA 2006).

There is no reason for the Court to conclude that the assignment at issue is invalid. R.T.G. Furniture did not suggest that the contract prohibited the assignment of the accounts receivable, nor did R.T.G. Furniture suggest that the assignment was against public policy.  Instead, R.T.G. Furniture asserts that Spring Air alleged insufficient facts to determine the validity of the assignment, and that the complaint did not allege that Spring Air acquired all of the rights that Consolidated Bedding may have had against R.T.G. Furniture.

The Court finds that Spring Air did allege in its complaint that it assumed all the rights of the assignor when it stated that it acquired any accounts receivable owed by R.T.G. Furniture. (Doc. # 1 ¶ 8).  Accordingly, at this stage of the proceedings, the Court finds that the assignment was valid under Florida law.

Thus, for the reasons specified above, R.T.G. Furniture's motion to dismiss Spring Air's complaint for lack of subject matter jurisdiction is denied.

**C. <u>Specific Complaint Counts</u>**

Now that the Court has determined that it has subject

matter jurisdiction over Spring Air's claims and has determined that Spring Air is a proper party, the Court will address the sufficiency of the challenged complaint counts.[3]

## 1. **Breach of Contract**

R.T.G. Furniture seeks to dismiss Spring Air's breach of contract claim for three reasons: 1) Spring Air failed to allege essential elements for a breach of contract claim; 2) the action is barred by the statute of frauds; and 3) Spring Air failed to attach the contract to the complaint. The Court will address each point below.

First, in order to state a claim for breach of contract Spring Air must establish: 1) the existence of a contract; 2) material breach thereof; and 3) damages flowing from the breach. <u>Murciano v. Garcia</u>, 958 So.2d 423, 423 (Fla. 3d DCA 2007). Spring Air alleged in its complaint that an oral agreement existed between Consolidated Bedding and R.T.G. Furniture for the sale of goods. (Doc. # 1 at ¶ 18). Next, it alleged that R.T.G. Furniture breached that contract by failing to pay for the goods delivered. (Doc. # 1 at ¶ 21). Finally, Spring Air alleged that the breach resulted in damages to Consolidated Bedding and in turn to Spring Air, a

---

[3] R.T.G. Furniture has not challenged the sufficiency of Spring Air's complaint count for goods sold, as set forth in count III of the complaint.

successor in interest to Consolidated Bedding. (Doc. # 1 at ¶ 23).

R.T.G. Furniture claims that Spring Air must allege additional elements to properly plead a breach of contract cause of action. Specifically, "essential terms of the agreement, such as the terms of payment, the time of performance, the mechanism for performance, or the consequence of a failure to perform." However, R.T.G. Furniture does not support this heightened burden on Spring Air with any authority. Thus, this Court finds that Spring Air pled the necessary elements for a claim of breach of contract at this juncture.

Second, R.T.G. Furniture contends that Spring Air's claim for breach of contract is barred by the statute of frauds because it is an oral contract for the sale of goods worth more than five-hundred dollars. Fla. Stat. § 672.201. Spring Air responds that Sections 672.201(2) and 672.201(3)(c) of the Florida Statutes provide exceptions to the statute of frauds when an oral agreement has been reduced to writing within a reasonable time and when goods have been received and accepted. Fla. Stat. §§ 672.201(2), 672.201(3)(c).

Spring Air further argues that these exceptions need not be proven at this stage. The Eleventh Circuit has held that

it is proper to evaluate a statute of frauds defense at this point in the proceedings when the defense is apparent on the face of the complaint. Hudson Drydocks Inc. v. Wyatt Yachts Inc., 760 F.2d 1144 (11th Cir. 1985).

However, it is widely accepted that "consideration of potential affirmative defenses or speculation about the sufficiency of the evidence which plaintiff will likely produce on the merits is wholly irrelevant and immaterial to deciding such a motion [to dismiss.]" White v. Syfrett, 955 So.2d 1110, 1112 (Fla. 1st DCA 2006). Given that a determination of R.T.G. Furniture's affirmative defense will necessitate a factual inquiry that reaches beyond the four corners of the complaint, this Court will refrain from deciding the statute of frauds issue at this time.

Finally, R.T.G. Furniture contends that Spring Air did not state a cause of action for a breach of contract because it failed to attach a copy of the contract to the complaint, citing Safeco Ins. Co. of Am. v. Ware, 401 So.2d 1129, 1130 (Fla. 4th DCA 1981), for this proposition. Spring Air argues that under the federal pleading standard, there is no requirement that a plaintiff attach the contract to the complaint. Coyne v. Lucky M.K. Inc., No. 2:05-cv-25-FtM-29SPC, 2005 U.S. Dist. LEXIS 46958, at *4 (M.D. Fla. May 31, 2005).

13

This Court finds that Spring Air is not required to attach a copy of the contract to the complaint in order to state a claim upon which relief may be granted.

Spring Air sufficiently pled a claim for breach of contract, therefore, R.T.G. Furniture's Motion to dismiss count I of Spring Air's complaint is denied.

### 2. Open Account

Under Florida law, an open account has been defined as "unsettled debt arising from items of work and labor, goods sold and delivered *with the expectation of further transactions subject to further settlement*." Cent. Ins. Underwriters, Inc. v. Nat'l Ins. Fin. Co., 599 So.2d 1371, 1373 (Fla. 3d DCA 1992)(emphasis in original)(internal citations omitted).   In H&H Design Builders v. Travelers' Indem. Co., 639 So.2d 697 (Fla. 5th DCA 1994), the court further explained:

> It is not as easy as it should be to identify what does - or does not - constitute a cause of action for "open account." In commercial transactions, an "open account" should refer to an unsettled debt, arising from items of work, labor, goods sold and other open transactions not reduced to writing, the sole record of which is usually the account books of the owner of the demand.   It should not include express contracts or other obligations that have been reduced to writing. . . .   In order to state a valid claim on an open account, the claimant must attach an "itemized" copy of the account.

Id. at 700 (internal citations omitted).

Spring Air alleges in the complaint that Consolidated Bedding provided goods to R.T.G. Furniture, for which R.T.G. Furniture agreed to pay, that the amount charged was reasonable, and that the goods were delivered to R.T.G. Furniture. (Doc. # 1 at ¶¶ 11, 25, 27).  In addition, Spring Air attached an itemized copy of the account as required by H&H. 639 So.2d at 700.

Nevertheless, R.T.G. Furniture seeks to dismiss Spring Air's open account claim because Spring Air alleged the existence of an express contract.  An express contract is an agreement that is arrived at by words, oral or written. Waite Dev., Inc. v. City of Milton, 866 So.2d 153, 155 (Fla. 1st DCA 2004).  It has been commonly held that a party should not allege an express contract in an open account claim. Immediate Capital Group, Inc. v. Spongetech Delivery Sys., Inc., No. 10-60059-CIV, 2010 U.S. Dist. LEXIS 39905, at *3 (S.D. Fla. Apr. 22, 2010); Morse, LLC v. United Wis. Life Ins. Co., 356 F. Supp. 2d 1296, 1299-1300 (S.D. Fla. 2005); H&H, 639 So.2d at 700.

In Spongetech, defendant brought a motion to dismiss plaintiff's claim for open account because plaintiff pled the existence of an express contract and incorporated that allegation into its claim. 2010 U.S. Dist. LEXIS 39905, at *3.

15

Plaintiff responded by arguing that the Federal Rules of Civil Procedure allow for claims to be brought in the alternative. Id. The court concluded that "[a]lthough a plaintiff may bring causes of action in the alternative, a claim for open account fails if it alleges the existence of an express contract." Id. Similarly, in Morse, the court dismissed plaintiff's claim for open account because plaintiff incorporated the earlier allegations of the existence of an express contract between the parties. Morse, 356 F. Supp. 2d at 1300.

Given the general acceptance of the theory that an allegation of an express contract invalidates a claim for open account, count II of Spring Air's complaint is dismissed without prejudice.

### 3. Unjust Enrichment

Under Florida law, the essential elements for an unjust enrichment cause of action are: 1) a benefit conferred upon a defendant by the plaintiff; 2) the defendant's appreciation of the benefit; and 3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof. Fla. Power Corp. v. City of Winter Park, 887 So.2d 1237, 1242 n.4 (Fla. 2004).

Spring Air has pled the proper elements to state a claim for unjust enrichment. However, R.T.G. Furniture asserts that Spring Air's unjust enrichment claim should be dismissed because Spring Air failed to allege the lack of an adequate legal remedy in its complaint and because Spring Air alleged that the debt incurred by Consolidated Bedding was based on an express contract between Consolidated Bedding and R.T.G. Furniture.

In response, Spring Air contends that Federal Rule of Civil Procedure 8(d) allows pleadings in the alternative and that there is no requirement that it allege the lack of an adequate legal remedy. The Court agrees with Spring Air on this proposition, however, Spring Air's unjust enrichment count must be dismissed because where there is an express contract between the parties, claims arising out of the contractual relationship will not support a claim for unjust enrichment.

Spring Air incorporated the allegations of an express contract between Consolidated Bedding and R.T.G. Furniture into its claim for unjust enrichment. As with the claim for open account, it is well established under Florida law that a claim for unjust enrichment cannot stand if an express contract exists. Degrimenci v. Sapphire Fort Lauderdale, LLLP,

693 F. Supp. 2d 1325, 1347 (S.D. Fla. 2010). Therefore, count IV of Spring Air's complaint is dismissed without prejudice.

### 4. **Quantum Meruit**

R.T.G. Furniture similarly argues that Spring Air's claim for quantum meruit must be dismissed because Spring Air incorporated an allegation of an express contract in its claim. Under Florida law, "to satisfy the elements of quantum meruit the plaintiff must . . . show that the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it." W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297, 305 (Fla. 1st DCA 1999). Spring Air sufficiently pled the elements to state a claim for quantum meruit.

As R.T.G. Furniture correctly points out, however, a claim for quantum meruit is barred when it is based on an express contract. Marriott Corp. v. Dasta Constr. Co., 26 F.3d 1057, 1070 n.24 (11th Cir. 1994)(citing Harding Realty v. Turnberry Towers Corp., 436 So.2d 983, 984 (Fla. 3d DCA 1983)). Spring Air included an allegation of an express agreement in its claim for quantum meruit. Therefore, count

V of Spring Air's complaint is dismissed without prejudice.

### 5. **Account Stated**

R.T.G. Furniture asserts that Spring Air's claim for account stated should be dismissed for failure to allege the necessary elements to state a cause of action. Specifically, R.T.G. Furniture claims that Spring Air failed to allege that it periodically billed R.T.G. Furniture and that R.T.G. Furniture failed to object to the bills.

Under Florida law, "[t]he account stated generally arises from the rendition of a statement of transactions between the parties with a failure on the part of the party to whom the account was rendered to object within a reasonable time." Rauzin v. Kupper, 139 So.2d 432 (Fla. 3d DCA 1962). "The practice of periodic billings of certain amounts in the regular course of business, where no objection to the amount of the bill is made within a reasonable time, may raise such a presumption [of assent.]" Supermedia LLC v. Pre Enter., LLC, No. 8:10-CV-647-T-30TGW, 2010 U.S. Dist. LEXIS 83307, at *7. (M.D. Fla. July 18, 2010)(citing Nants v. Fed. Deposit Ins. Corp., 864 F. Supp. 1211, 1219 (S.D. Fla. 1994)).

Here, Spring Air attached Exhibits A and B to the complaint. Exhibit A consists of copies of invoices evidencing sales of goods by Consolidated Bedding to R.T.G.

Furniture. (Doc. # 1 at ¶ 12).   Exhibit B contains
correspondence dated September 9, 2009, from Spring Air to
R.T.G. Furniture with attached Customer Aging Report Detail
evidencing notice sent to R.T.G. Furniture of amounts owed to
Consolidated Bedding. (Doc. # 1 at ¶ 13).   Spring Air's
exhibits sufficiently establish the amount and the time of
accrual of each debt.[4]

Furthermore, Spring Air alleges that R.T.G. Furniture
never objected to any amount billed. (Doc. # 1 at ¶ 53).
Spring Air's allegations, taken as true, demonstrate that a
reasonable amount of time has passed with no objection by
R.T.G. Furniture. R.T.G. Furniture may rebut this presumption
of assent at trial with proof that it did object to
Consolidated Bedding's bills. <u>Nants</u>, 864 F. Supp. at 1219.   At
this stage of the proceedings, Spring Air successfully alleged
the elements of a claim for accounts stated, therefore, R.T.G.
Furniture's motion to dismiss count VI of Spring Air's
complaint is denied.

---

[4] Exhibits attached to the complaint are deemed a part of
the complaint "for all purposes, . . . including a Rule
12(b)(6) motion." <u>Griffin Indus. v. Irvin</u>, 496 F.3d 1189, 1205
(11th Cir. 2007)(citing Rule 10(c), Fed. R. Civ. P.).   In
addition, in reviewing a motion to dismiss, the court may
consider documents attached to the complaint where the
plaintiff relies upon the document to form the basis for a
claim or part of a claim. <u>Crenshaw v. Lister</u>, 556 F.3d 1283,
1292 (11th Cir. 2009).

**IV.**  <u>**CONCLUSION**</u>

The Court has reviewed the sufficiency of each complaint count against the arguments in the motion and determines that the motion is granted as it pertains to counts II, IV, and V of the complaint, and denied as it pertains to counts I and VI. Spring Air may file amended complaint by October 29, 2010, with respect to counts II, IV, and V, if it so chooses.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. R.T.G. Furniture's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim upon which Relief may be Granted (Doc. # 11) is **GRANTED** in part and **DENIED** in part, as specified herein.

2. Spring Air may file amended complaint, if it so chooses, by October 29, 2010.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>19th</u> day of October, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

21